**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **FIRM CRE CONSTRUCTION INC.** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO.: |
| | ) | |
| **VRG CAMELLIA, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT TO ENFORCE LIEN AND RECOVER MONEYS OWED FOR WORK PERFORMED AND TO STAY PROCEEDINGS PENDING BINDING ARBITRATION**

Plaintiff FIRM CRE Construction Inc. ("FIRM CRE") brings the following action under Alabama Code § 35-11-220 and 9 U.S.C. § 3 against Defendant VRG Camellia, LLC ("VRG Camellia"), seeking both (1) to enforce its lien against VRG Camellia and collect moneys owed for work performed at VRG Camellia's property in Dallas County, Alabama, and (2) to stay proceedings pending binding arbitration between the parties. In support of its Complaint, FIRM CRE shows as follows:

**Parties, Jurisdiction, & Venue**

1. FIRM CRE is a corporation formed under Tennessee law and having its principal place of business in Tennessee. FIRM CRE is registered to do business in Alabama and is a licensed general contractor in the State of Alabama.

2. VRG Camellia is a limited liability company formed under Alabama law and owns a motel property in Dallas County, Alabama. Earlier this year, VRG Camellia represented to a federal court in Alabama that all of its members were citizens of Puerto Rico.



73799579 v1

3. VRG Camellia, as an Alabama limited liability company listing its "registered office" as being in Selma (Dallas County), Alabama, falls under the jurisdiction of this Court.

4. This Court also has jurisdiction over this matter under Alabama Code § 35-11-220 because this action concerns a lien against real property located in Selma, in Dallas County, a county in this District.

5. This Court further has jurisdiction over this matter under 28 U.S.C. § 1332 because the amount in controversy is in excess of $75,000, and there is complete diversity between the parties. Air Engineers is deemed a citizen of Tennessee, and FIRM CRE is deemed a citizen of Puerto Rico.

6. This action is properly venued in this Court because this action concerns work performed at a real property in Dallas County, Alabama and seeks enforcement of a lien against this real property. Dallas County is a county within the Northern Division of this Court.

**Factual Allegations**

7. On November 6, 2025, FIRM CRE executed a "Standard Form Agreement Between Owner and Contractor" with VRG Camellia. *See* Exhibit A, attached.

8. This contract concerns renovation, remodeling, and construction work to be performed on VRG Camellia's motel property in Dallas County, Alabama, and involves interstate commerce.

9. This contract, in Section 6.2., requires binding arbitration of disputes between FIRM CRE and VRG Camellia.

10. As of April 1, 2026, numerous disputes had arisen between FIRM CRE and VRG Camellia over the work FIRM CRE was performing at the motel property. FIRM CRE maintained that payment on its second payment application was already past due, but VRG Camellia took the

position that FIRM CRE had actually been "overpaid" for work performed to-date based on the "mobilization payment" that VRG Camellia had previously made to FIRM CRE in January 2026.

11. On April 1, 2026, FIRM CRE recorded a lien in Dallas County, Alabama and asserted that VRG Camellia owed it $1,020,580.00 for work performed at the motel property under its contract with VRG Camellia. *See* Exhibit B, attached.

12. Between April 1, 2026 and April 10, 2026, FIRM CRE performed additional work at the motel property before ceasing all work (following appropriate notice to VRG Camellia) on April 10, 2026.

13. At the time FIRM CRE ceased work on April 10, 2026, VRG Camellia had effectively repudiated the parties' contract by, among other things, asserting that the architect's drawings did not form a part of the parties' contract documents, notwithstanding the express language contained in Section 9.1.5. of the parties' "Standard Form Agreement Between Owner and Contractor."[1]

14. On April 10, 2026, FIRM CRE initiated proceedings with the American Arbitration Association against VRG Camellia concerning the work FIRM CRE had performed at the motel property.

15. The American Arbitration Association has assigned the proceedings Case No. 01-26-0001-7363. Those proceedings are still on-going.

16. As part of these proceedings before the American Arbitration Association, FIRM CRE represented, on May 12, 2026, that, through April 10, 2026, it had performed a total of $1,500,367.15's worth of work on the motel property.

---

[1] As part of the proceedings before the American Arbitration Association referenced below, VRG Camellia has since changed tack and now agrees with FIRM CRE that the architect's drawings are a part of the parties' contract.

17. Of this $1,500,367.15's worth of work, the only amounts that VRG Camellia had paid as of May 12, 2026 was a payment back in January 2026 of a "mobilization fee" in the amount of $477,459.22. As noted above, as of April 10, 2026, VRG Camellia was maintaining that this previous payment constituted an "overpayment."

18. That meant that, including "retainage" amounts, FIRM CRE had, as of April 10, 2026, performed at least $1,022,902.93's (i.e., $1,500,367.15 minus $477,459.22) worth of work for which it had not yet been paid.

19. In addition, under Section 7.1.1. of the parties' contract, VRG Camellia owes FIRM CRE another $250,000.00 if it terminates the contract without cause.

20. On or about June 26, 2026, VRG Camellia paid the additional amount of $453,586.46 to the "funds control agent" of FCCI Insurance Company, who had issued a bond for FIRM CRE's performance under its contract with VRG Camellia.

21. However, FIRM CRE itself has not received payment of this $453,586.46 yet. Among other things, FCCI Insurance Company may, on information and belief, use some of these funds to reimburse itself for the costs of investigating the claim VRG Camellia initiated against the bond starting on February 4, 2026.

22. Back on February 4, 2026, VRG Camellia had given FCCI Insurance Company "notice of a potential claim under our Performance Bond."

23. As of February 4, 2026, VRG Camellia had no legitimate basis for making even a "potential claim" against the bond.

24. On July 10, 2026, VRG Camellia purported to give FIRM CRE notice of termination of its contract and directed VRG Camellia to vacate the motel premises no later than July 17, 2026.

25. At the time it directed FIRM CRE to cease all work and vacate the premises, VRG Camellia was refusing to provide any substantive answers to VRG Camellia's legitimate questions regarding the work to be performed at the motel property.

26. FIRM CRE maintains the VRG Camellia's purported termination of the parties' contract was without cause, meaning that VRG Camellia owes FIRM CRE the additional amount of $250,000.00 under under Section 7.1.1. of the parties' contract.

27. FIRM CRE complied with VRG Camellia's instructions and vacated the premises by July 17, 2026.

28. On August 24, 2026, FCCI Insurance Company denied VRG Camellia's claim against the performance bond and found that VRG Camellia was in breach of its contractual obligations to FIRM CRE.

**<u>Count I</u>**

29. FIRM CRE incorporates by reference the allegations in the paragraphs above.

30. VRG Camellia has not paid FIRM CRE for all of the work performed at the motel property and owes FIRM CRE for the work performed.

31. These amounts are now past due and owing, and FIRM CRE asserts a claim to these amounts under its contract and under Alabama Code § 35-11-220 seeking enforcement of its lien.

32. However, because the parties' contract has a binding arbitration clause and because FIRM CRE has already initiated Case No. 01-26-0001-7363 before the American Arbitration Association, FIRM CRE asks this Court, under 9 U.S.C. § 3, to stay proceedings pending a final ruling in the arbitral forum.

WHEREFORE, FIRM CRE asks this Court to take jurisdiction over FIRM CRE's lien claim and claims for moneys owing to FIRM CRE for work performed at VRG Camellia's motel

property but to stay these proceedings until such time as the parties' chosen arbitral forum renders a final ruling.

Respectfully submitted,

*/s/ Devin C. Dolive*____________________
Devin C. Dolive (DOLID4671)
Cheri Turnage Gatlin (GATC5673)

Attorneys for Plaintiff
FIRM CRE CONSTRUCTION INC.

**OF COUNSEL**:

Burr & Forman LLP

Mr. Dolive:
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
ddolive@burr.com

Ms. Gatlin
190 East Capitol Street, Suite M-100
Jackson, Mississippi 39211
Telephone: 601-355-3434
Facsimile: 601-355-5150
cgatlin@burr.com